﻿Citation Nr: AXXXXXXXX
Decision Date: 02/27/20 Archive Date: 02/27/20

DOCKET NO. 190410-8339
DATE: February 27, 2020

ORDER

Entitlement to service connection for an acquired psychiatric disorder is denied.

FINDING OF FACT

The record does not contain competent medical evidence demonstrating that, since the Veteran filed his service connection claim in January 2018, he has been diagnosed with a psychiatric disability.

CONCLUSION OF LAW

The criteria for entitlement to service connection for an acquired psychiatric disorder have not been met. 38 U.S.C. § 1110 (2012); 38 C.F.R. § 3.303 (2019).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served honorably in the United States Army from November 1965 to August 1967.

The Board notes that the rating decision on appeal was issued in April 2018. In April 2019, the Veteran elected the modernized review system under the provisions of the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). 38 C.F.R. § 19.2(d). This law creates a new framework for veterans dissatisfied with the Department of Veterans Affairs’ (VA) decision on their claim to seek review. The Veteran chose Direct Review by a Veterans Law Judge. This Board decision is consistent with the new AMA framework. 

The Veteran claims that he incurred a psychiatric disability during service. In his original service connection claim, the Veteran claimed service connection for posttraumatic stress disorder (PTSD). In the April 2018 rating decision on appeal, the RO denied service connection for PTSD. In this decision, the Board has considered the claim as a claim of entitlement to service connection for any diagnosed acquired psychiatric disorder. See Clemons v. Shinseki, 23 Vet. App. 1 (2009) (holding that when a claimant makes a claim, he is seeking service connection for symptoms regardless of how those symptoms are diagnosed or labeled).

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1110 (2012); 38 C.F.R. § 3.303 (2018). To establish a right to compensation for a present disability, a Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004). 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the benefit of the doubt will be granted to the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). To deny a claim on the merits, the preponderance of the evidence must be against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996).

A review of the pertinent service personnel records show that the Veteran served in the Republic of Vietnam from July 1966 to August 1967. A review of the service treatment records (STRs) also show that the Veteran was not diagnosed with a psychiatric disorder during service, and that his psychiatric state was evaluated as normal upon separation examination in August 1967. The STRs show that, in an August 1967 separation report of medical history, the Veteran denied having or ever having had psychiatric problems. Moreover, the evidence shows that he has not been diagnosed with a psychiatric disorder since service. As such, the evidence indicates that a service connection finding is unwarranted. The evidence does not satisfy the first Shedden element i.e., the evidence does not indicate the existence of a present psychiatric disorder.

The only medical evidence addressing the Veteran's psychiatric state since his discharge from service over 50 years ago is found in post-service VA treatment records and a March 2018 VA examination. In reviewing the post-service VA treatment records, the Board notes treatment for a variety of disorders and conditions; however, they are negative for any complaints, treatment, or diagnosis of a psychiatric disorder. Of note, numerous depression and PTSD screenings conducted between December 2008 to November 2017 were found to be negative. 

In the VA examination report, the examiner noted the Veteran’s “ok” childhood and high school social life and good relationships with family members pre-service. The Veteran denied any social difficulties. The Veteran stated that he got along with members of his military unit and had good relationships with his superiors with no notable social difficulties while in the military. Post-service, he reported resuming friendships with local friends, enjoyed drinking at bars, and denied any significant social problems. He reported being married in 1970, but spent a lot of time partying in the 1970s which took its toll on his marriage, which ended in divorce in 1983. He also reporting being married for a second time from 1985 to 2003, which ended in divorce due to arguments over finances. He reported getting along well with his step children. He further reported quitting drinking in 1986, being able to maintain friendships over the years, and having a good social life, while denying any issues related to social life or activities of daily living. The Veteran also denied any combat exposure during military service, as well as denying any pre-service, military, or post-service mental health treatment. The examiner noted that he was unable to locate any mental health notes and that the Veteran denied all PTSD symptoms related to multiple post-service PTSD screenings conducted. 

In the report, the examiner noted the Veteran’s dislike of crowds, but he reported that the last occurrence of this symptom was two years ago. The Veteran recalled this feeling as early in childhood, but was unable to identify any relevant precipitating stressors, concerns, or contributing factors. He denied any history of military or non-military traumas and denied any other history of distress, symptoms, problems, or concerns. The Veteran endorsed post-service alcohol use, but described it as a function of the social culture at the steel mill where he worked from 1967 to 1984. 

The examiner found that the Veteran did not meet the criteria for PTSD or any other mental disorder. The examiner noted that the Veteran denied exposure to combat (was never fired upon) and denied any history of military or non-military traumas; therefore, PTSD was ruled out. In addition, the examiner noted that the Veteran’s description of social/occupational/psychological functioning was not suggestive of PTSD, as he did not report any PTSD symptoms. The examiner noted the Veteran’s reports discomfort in crowds, but he denied any history of any other emotional symptoms. The examiner found that the description of discomfort in crowds did not resemble hypervigilance or any other post-traumatic psychiatric symptoms. Specifically, the examiner found that the description of the discomfort symptom did not involve the heightened concern about external physical threats as would be seen in PTSD-sufferers who reported discomfort in crowds. The examiner noted that the Veteran's overall presentation was not indicative of PTSD. 

The examiner noted the Veteran’s history of discomfort in crowds, which he first recalled noticing this symptom while in church during childhood. The examiner considered a diagnosis of specific phobia (situational). The Veteran recalled instances of feeling uncomfortable in crowded work settings and at a wedding, involving the sensation that his environment was closing in on him; however, he was unable to identify any relevant emotional traumas or concerns and any panic symptoms. The examiner noted the Veteran’s estimation that his discomfort in crowds last occurred two years ago and up until two years ago, the symptom occurred twice a year, since childhood. However, the Veteran described routine participation in activities and visits to locations such as family gatherings, cookouts, restaurants, bars, coffee shops, and grocery stores. The examiner found that given the low frequency of the discomfort symptoms and given the lack of any relevant occupational/social impairment, the Veteran's symptoms did not warrant a psychiatric diagnosis. The examiner found that other than a remote history of alcohol abuse (unrelated to service), the Veteran denied any other history of any other emotional symptoms, concerns, or problems. The examiner also found that the Veteran's discomfort in crowds was in no way connected to his military service, since he denied any history of combat or any other military related traumas, and recalled onset of this symptom in childhood. 

The VA examiner indicated a review of the claims file, and noted that an interview of the Veteran and a personal examination of the Veteran were both conducted. In the report, the examiner also detailed the Veteran's medical, social, and personal history. As the report is based on the evidence of record, and is explained, the report and its findings are of probative value. See Bloom v. West, 12 Vet. App. 185, 187 (1999) (the value of a physician's statement is dependent, in part, upon the extent to which it reflects clinical data or other rationale to support the opinion). 

In the absence of a disability, compensation may not be awarded. In the absence of evidence of a current disability, there can be no grant of service connection under the law. See Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). In reaching this conclusion, we use the definition of disability as noted in Hunt v. Derwinski, 1 Vet. App. 292, 296 (1991) (a disability is an inability to pursue an occupation because of physical or mental impairment). Accordingly, a service connection finding for a psychiatric disorder is not warranted. 

In adjudicating this claim, the competence and credibility of lay statements must be considered by the Board. Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006); Washington v. Nicholson, 19 Vet. App. 362, 368-69 (2005). The Veteran contends that he currently has a psychiatric disorder related to his military service. He has submitted lay statements reporting that he experiences irritability, social withdrawal, alcohol abuse, and anger outbursts. While the Veteran may be credible to describe the particular symptoms which he experiences, determining the exact nature and diagnosis of a psychiatric disorder requires specialized testing and medical knowledge or training which the Veteran is not shown to have. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). Therefore, he cannot provide an opinion as to etiology in such cases. The competent probative evidence of record demonstrates that he was not diagnosed with a psychiatric disability at any time during the appeal period. 

As the preponderance of the evidence is against the claim to service connection, the benefit-of-the-doubt doctrine does not apply, and the claim must be denied. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

 

 

G. A. WASIK

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J.T. Massey, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.